# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

CSBO, LLC, )
 )
      Plaintiff, )
 )
v. ) Case No. CIV-14-419-M
 )
MARK ECKMAN, an individual, )
 )
      Defendant. )

## ORDER

Before the Court is Plaintiff's Motion to Remand, filed May 1, 2014. On May 22, 2014, defendant responded. Based on the parties' submissions, the Court makes its determination.

## I.    Introduction

On March 18, 2014, plaintiff CSBO, LLC ("CSBO")[1] filed the instant action in the District Court of Oklahoma County, State of Oklahoma. This case involves claims to recover under an allegedly breached promissory note and allegedly breached guaranty agreement. The Petition alleges[2] that on December 17, 2012, Carsafe, LLC[3] ("Carsafe") executed and delivered to First Liberty Bank a promissory note (the "note") in the original principal amount of $1,500,000.00, and defendant, Mark Eckman ("Eckman")[4],` executed and delivered a guaranty absolutely and unconditionally guaranteeing the full and punctual payment of the note. On December 17, 2013, Carsafe failed to, or otherwise refused to, pay the principal amount of $1,498,892.00, along with the interest amount of $17,246.10, for a total amount owed of

---

[1] CSBO, LLC is an Oklahoma limited liability company whose principal place of business is in Oklahoma County, Oklahoma.

[2] The alleged facts are taken from CSBO's Petition [docket no. 1-1].

[3] Carsafe, LLC is an Oklahoma limited liability company whose principal place of business is in Oklahoma County, Oklahoma.

[4] Mark Eckman is an individual residing in Missouri.

1

$1,516,138.10. On January 28, 2014, CSBO purchased the note, and the note was endorsed without recourse to CSBO. CSBO made demand upon Carsafe to pay the amount due and owing under the note, but Carsafe has failed to make payment.

In the Petition, CSBO alleges that Carsafe is in default of the note and requests judgment in its favor to recover against Carsafe in the total amount of $1,516,138.10. [5]Additionally, CSBO seeks judgment against Eckman for breach of guaranty in the total amount owed by Carsafe to CSBO. On March 27, 2014, CSBO and Carsafe reached a settlement, and an Agreed Journal Entry of Judgment Against Carsafe LLC ("Agreed Judgment") was entered by the Oklahoma County District Court. On April 25, 2014, Eckman removed this action to this Court on the basis of diversity jurisdiction. CSBO now moves to remand this action back to state court.

## II. Discussion

Diversity jurisdiction exists if the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and the action is between citizens of different states. *See* 28 U.S.C. § 1332(a). In the case at bar, CSBO asserts that diversity jurisdiction does not exist because Carsafe is a non-diverse party and has not been dismissed from this action. CSBO also contends this case should be remanded back to state court because it could not have been originally filed in this Court and Eckman did not timely remove this action from state court. Eckman asserts that this case must remain in this Court because Carsafe consented to judgment and is no longer a real party in interest in this case.

28 U.S.C. § 1446(b)(3) states in part:

> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended

---

[5] CSBO seeks to recover the principal amount of $1,498,892.00 plus accrued interest in the amount of $17,246.10 as of December 17, 2013.

2

> pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3). Eckman asserts that the Agreed Judgment effectively removed Carsafe from the case making this case completely diverse between the remaining parties and subject to removal. Eckman also contends the removal was timely because the deadline to file a notice of removal was April 28, 2014, and Eckman filed his notice of removal on April 25, 2014.

Having carefully reviewed the parties' submissions, the Court finds that removal to this Court was proper and timely. The Agreed Judgment was entered by the state court on March 27, 2014, and Eckman filed his notice of removal on April 25, 2014, which was within the thirty (30) day deadline, pursuant to 28 U.S.C. § 1446(b). Further, the Court finds that the Agreed Judgment entered by the state court effectively dismissed Carsafe from further litigation in this case and, therefore, allowed diversity to exist between the remaining parties. *See* Okla. Stat. tit. 12, § 681 ("A judgment is the final determination of the rights of the parties in an action."), *see also Olinghouse v. Olinghouse*, 1995 OK CIV APP 104, 908 P.2d 280, 284 (Okla. Civ. App. 1995) and *State ex rel. Comm'rs of Land Office v. Laughlin*, 1954 OK 342, 277 P.2d 683, 685 (Okla. 1954). Accordingly, for the reasons set forth above, the Court DENIES Plaintiff's Motion to Remand [docket no. 4].

**IT IS SO ORDERED this 12th day of June, 2014.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE