# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CSBO, LLC, | ) |
|     Plaintiff, | ) |
| v. | ) Case No. CIV-14-419-M |
| MARK ECKMAN, an individual, | ) |
|     Defendant/Third-Party Plaintiff, | ) |
| v. | ) |
| ROBERT A. FUNK and<br>EVELYN M. SMITH, | ) |
|     Third-Party Defendants. | ) |

## ORDER

Before the Court is Robert A. Funk ("Funk") and Evelyn Smith's ("Smith") Motion to Dismiss of Third-Party Defendants, filed December 3, 2014. On December 29, 2014, defendant/third-party plaintiff Marc Eckman ("Eckman") responded, and on January 9, 2015, Funk and Smith replied. Based on the parties' submissions, the Court makes its determination.

I.    Introduction

On March 18, 2014, plaintiff CSBO, LLC ("CSBO") filed the instant action in the District Court of Oklahoma County, State of Oklahoma. This case involves claims to recover under an allegedly breached promissory note and allegedly breached guaranty agreement. On April 25, 2014, Eckman removed this action to this Court on the basis of diversity jurisdiction.[1] On May 1, 2014, Eckman filed his Answer to CSBO's Complaint and a Third Party Complaint against Funk and Smith. Eckman alleges:

---

[1] On June 12, 2014, this Court denied CSBO's motion to remand. *See* the Court's June 12, 2014 Order [docket no. 11].

> To the extent CSBO contends that Eckman is personally liable for any amounts owed under the Note, Funk [and Smith] [are] obligated to reimburse Eckman and is liable to Eckman for such liability so assessed by equitable contribution.

Eckman's Answer and Third Party Compl. ¶¶ 6-7. Funk and Smith now move the Court, pursuant to Federal Rules of Civil Procedure 12(b)(5) and (6), to dismiss Eckman's Third-Party Complaint.

II.   Discussion

   A.   Rule 12(b)(5) Insufficient Service

Federal Rule of Civil Procedure 4(m) provides in pertinent part:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Funk and Smith move this Court, pursuant to Federal Rule Civil Procedure 12(b)(5), to dismiss Eckman's Third-Party Complaint for insufficient service of process. Funk and Smith assert that since Eckman filed his Third-Party Complaint on May 1, 2014, and did not serve Funk and Smith until November 12, 2014, service was not timely. However, Eckman contends that service was timely because he served Funk and Smith prior to the deadline set by the Court.

Having carefully reviewed the parties' submissions, the Court finds that service was timely. On October 28, 2014, the Court directed Eckman to serve Funk and Smith on or before November 15, 2014. Service was made on Funk and Smith on November 12, 2014; therefore, service of Eckman's Third-Party Complaint was timely.

B.  Rule 12(b)(6) Failure to State a Claim

Regarding the standard for determining whether to dismiss a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id.* at 679 (internal quotations and citations omitted). Additionally, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* at 678 (internal quotations and citations omitted). "While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012). Finally, "[a] court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

Funk and Smith assert that Eckman has failed to state a claim against them for equitable contribution because "[u]nder Oklahoma law, a co-guarantor of a principal's debt is generally entitled to contribution from the other co-guarantors after the principal's default on a loan, only if he paid more than his pro rata share of a debt which he was under a legal obligation to pay." Mot. to Dis. at 3 (citing *Power v. Sullivan*, 852 P.2d 790, 792 (Okla. Civ. App. 1993)). Eckman contends that, pursuant to Federal Rule of Civil Procedure 14(a)(1)[2], his contribution claim is properly pled.

Having carefully reviewed the parties' submissions, the Court finds that Eckman's Third-Party Complaint fails to state a claim against Funk and Smith upon which relief can be granted. Eckman alleges that both Funk and Smith delivered a guaranty to First National Bank for the same note that Eckman is now being sued on. The Court agrees with Funk and Smith that this is not a case where the contribution claim is based on statutory joint tort liability but on a contribution claim based on a surety contract. With respect to a surety contract, the law in Oklahoma is well settled; a contribution claim cannot be maintained unless the guarantor has paid more than his fair share of the obligation. *See Prisbey v. Noble*, 505 F.2d 170, 172 ("The right to contribution is inchoate from the date of the creation of the relation between the parties, but is not complete, so as to be enforceable, until there has been an actual payment, in whole or in part, of the common obligation or until something is done equivalent to a discharge thereof."). Eckman has not alleged that he has paid in excess of his share of the note in question and,

---

[2] Federal Rule of Civil Procedure 14(a)(1) provides:

> A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it.

Fed. R. Civ. P. 14(a)(1).

therefore, his equitable contribution claim against Smith and Funk is premature and should be dismissed.

III.   Conclusion

Accordingly, for the reasons set forth above, the Court GRANTS the Motion to Dismiss of Third-Party Defendants [docket no. 19] and DISMISSES defendant/third-party plaintiff Mark Eckman's Third-Party Complaint.

**IT IS SO ORDERED this 27th day of February, 2015.**

*[signature]*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE